**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

**Order Filed on March 6, 2018**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HEDVIG HOFFMAN,<br><br>                   Debtor. | Case No. 17-30669 (CMG))<br><br>Honorable Christine M. Gravelle<br><br>Chapter 7 |

### STIPULATION AND  CONSENT ORDER

The relief set forth on the following page, numbered two (2) through twelve (12), is hereby **ORDERED**.

**DATED: March 6, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG ) |
| Caption of Order: | Stipulation and Consent Order |

---

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of Hedvig Hoffman, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, and the Debtor, through her counsel, Maciag Law, LLC, and Raymond Hoffman (the "Non-Debtor Spouse" and together with the Trustee and the Debtor (the "Parties"). The Parties hereby stipulate and agree as follows:

**Procedural Background**

WHEREAS, on October 11, 2017, the Debtor filed her voluntary petition (the "Petition") for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "the Bankruptcy Court") . *See* Docket No. 1; and

WHEREAS, on October 12, 2017, John M. McDonnell was appointed as the chapter 7 trustee for the Debtor's estate, has duly qualified, and is acting in that capacity. *See* Docket No. 3; and

WHEREAS, the Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on December 4, 2017. *See* Docket *generally*; and

WHEREAS, based upon information and belief, the Trustee asserts the Debtor failed to disclose certain property of the estate in the form of an interest in a bank account with Santander Bank held by the Debtor's husband, the Non-Debtor Spouse, with a balance of approximately $102,000 with account no. ending in 7550 (the "Santander Account");

(Page 3)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, the Trustee has asserted the estate's ownership interest in the Santander Account, regardless of whether or not the Debtor's name is on the account; and

WHEREAS, the Debtor and the Non-Debtor Spouse assert, in turn, that the amounts held in the Santander Account, that said account is only in the Non-Debtor Spouse's name and has never been jointly held, nor held in the Debtor's name, and that said account represents the funds of only the Non-Debtor Spouse; and

WHEREAS, the Trustee and Debtor have reached a proposed agreement on the resolution of issues, specifically, the disposition of the Santander Account; and

WHEREAS, following good faith negotiations, and without any finding or admission of wrongdoing, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2.    This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  In addition, any actions of the Parties to this Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

(Page 4)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

3.      This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4.      The Debtor and/or the Non-Debtor Spouse further expressly waive their respective rights to appeal the entry of this Stipulation and Consent Order and/or the right to file an objection to pleadings to approve this Stipulation and Consent Order.

5.      The Debtor shall pay to the Trustee the sum of $30,000 (the "Settlement Funds"), within seven (7) days of the Effective Date.  The Debtor shall make the Settlement Funds by issuing a check payable to *"John M. McDonnell, Trustee for Hedvig Hoffman"*  and delivering it to the following address:

**Brian T. Crowley, Esq.**
**McDonnell Crowley, LLC**
**115 Maple Avenue**
**Red Bank, New Jersey 07701**

6.      The Debtor and the Non-Debtor Spouse each expressly agree that they are jointly and severally liable for, and absolutely and unconditionally guarantee to the Trustee for the prompt payment of the $30,000 Settlement Funds and performance of, all obligations and all agreements under this Stipulation and Consent Order.

7.      The Debtor and the Non-Debtor Spouse each acknowledges the value received for the payment of the Settlement Funds with the resolution of the issues involving, among other things, the Santander Account, as noted herein which is considered more than adequate consideration.

(Page 5)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

8.       The Debtor does hereby expressly and unconditionally waive any and all rights and/or claims to, and/or any right to claim as exempt, the Settlement Funds, any proceeds derived therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003.

9.       The Trustee shall retain the Settlement Funds for the benefit of the estate's creditors. The Settlement Funds shall be deemed property of the estate.

10.       Expect as it relates to the right of the Non-Debtor Spouse to file the Allowed Sec. 502 Claim (as defined below), the Debtor and the Non-Debtor Spouse do hereby expressly and unconditionally waive any and all rights and/or claims to the Settlement Funds, and/or any proceeds derived therefrom, pursuant to any applicable law including.

11.       The Debtor hereby expressly notes her limited financial resources and ability to fund a settlement. The Debtor further notes she has been experiencing financial issues and problems paying creditors for at least the four (4) years prior to the Petition Date. The Debtor noted her current state of financial resources is not projected to change substantively for at least the next few years.

12.       The Debtor and the Non-Debtor Spouse do hereby warrant and represent that they have not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Debtor has, had or may have against, the estate, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on

(Page 6)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

13.     Releases by the Debtor and Non-Debtor Spouse:  Except as it relates to the right of the Non-Debtor Spouse to file the Allowed Sec. 502 Claim (as defined below), the Debtor and the Non-Debtor Spouse hereby unconditionally and absolutely withdraw, dismiss, release, waive, and forever discharge with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Settlement Funds, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure, and any claim that they are or may be entitled to under section 502 of the Bankruptcy Code (except for the section 502(h) claim as permitted below) and any and all such claims are hereby permanently, disallowed and irrevocably expunged. The Debtor and the Non-Debtor Spouse further waive any and all objections to the fee applications of the Trustee and/or Trustee's professionals, provided same are approved by the Bankruptcy Court. The Debtor and the Non-Debtor Spouse represent and warrant that they will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estate. The Debtor and the Non-Debtor Spouse agree that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause, facilitate, or encourage the commencement of) any lawsuit (whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, or any other action relating to any conduct by the estate, the estate's professionals, the Trustee, and/or the

Case 17-30669-CMG    Doc 36    Filed 03/10/18    Entered 03/11/18 00:34:36    Desc Imaged
Certificate of Notice    Page 7 of 13

(Page 7)

Debtor:                Hedvig Hoffman

Case No.:              17-30669 (CMG)

Caption of Order:   Stipulation and Consent Order

Trustee's professionals. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

14.    Right of the Non-Debtor Spouse to File Section 502 claim:  Expressly excluded from the release in paragraph 13 above is the claim the Non-Debtor Spouse may be entitled to under section 502(h) of the Bankruptcy Code which would be in an amount not greater than the Settlement Funds and classified as a general unsecured non-priority claim, that must be filed in the form of a Proof of Claim with the Bankruptcy Court within ten (10) days of the Effective Date and payment of the Settlement Funds (the "Allowed Sec. 502 Claim").

15.    Release by the Trustee: Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, and the performance of all obligations under this Stipulation and Consent Order by the Debtor, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges, the Debtor, from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtor's bankruptcy estate ever had or now has, or may claim to have at the present time, against the Debtor and the Non-Debtor Spouse as it relates to the Santander Account and those claims the Trustee may have to object to the Debtor's discharge under section 727 of the Bankruptcy Code. Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, and the performance of all obligations under this Stipulation and Consent Order by the Debtor and the Non-Debtor Spouse, The Trustee, having reviewed the facts giving rise to the Non-Debtor Spouse's Section 502(h) claim as referenced in paragraph 14 above, waives any objection to the filing of said proof of claim, provided that same is in an amount not greater than the Settlement Funds and classified as a

(Page 8)

Debtor:              Hedvig Hoffman

Case No.:           17-30669 (CMG)

Caption of Order:  Stipulation and Consent Order

---

general unsecured non-priority claim.    Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

16.      Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, the payment of the Settlement Funds and the clearing of all funds related to the same, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, for true consideration as noted herein, hereby abandons back all the estate's rights, titles, ownership, and interests in the Santander Account.

17.      *This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties and/or parties that are not signatories to this Stipulation and Consent Order.*

18.      It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

(Page 9)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

19.    Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order and/or the disputes settled by this Stipulation and Consent Order.

20.    This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

21.    The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

22.    No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

23.    The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

24.    This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

(Page 10)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

25.    This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

26.    This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

27.    The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

28.    The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts.  Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

29.    The Debtor and the Non-Debtor Spouse acknowledge that their attorney has advised them of the legal import and consequences of this Stipulation and Consent Order, that they are satisfied with the services of their attorney and understand the advice they have received, and they acknowledge they have had the opportunity to seek legal advice as to this Stipulation and Consent Order.

30.    This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single

(Page 11)

| | |
|---|---|
| Debtor: | Hedvig Hoffman |
| Case No.: | 17-30669 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

memorandum.  Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto.  It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

31.    A facsimile and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes.  In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures and/or PDF signatures.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

(Page 12)

Debtor:            Hedvig Hoffman

Case No:           17-30669 (CMG)

Caption of Order:  Stipulation and Consent Order

32.    The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

IN WITNESS WHEREOF, each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

AGREED AND STIPULATED:

**McDonnell Crowley, LLC**
*Counsel to John M. McDonnell, not individually or personally, but as Chapter 7 Trustee for Hedvig Hoffman*

By: _____

Name: BRIAN T. CROWLEY

Date: _____

**Maciag Law, LLC**
*Counsel for Debtor, Hedvig Hoffman*

By: _____

Name: THADDEUS R. MACIAG

Date: 1/31/2018

**Hedvig Hoffman**
*The Debtor*

By: _____

Name: HEDVIG HOFFMAN

Date: 1-31-18

**Raymond Hoffman**
*The Non-Debtor Spouse*

By: _____

Name: RAYMOND HOFFMAN

Date: 1-31-18

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 17-30669-CMG
Hedvig Hoffman                                                                  Chapter 7
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3            User: admin              Page 1 of 1              Date Rcvd: Mar 08, 2018
                               Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2018.
db            +Hedvig Hoffman,    57 Spring Hill Road,    Skillman, NJ 08558-1417

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 8, 2018 at the address(es) listed below:
          Brian Thomas Crowley    on behalf of Trustee John Michael McDonnell bcrowley@mchfirm.com,
           bcrowley@mcdonnellcrowley.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          John Michael McDonnell    jmcdonnell@mchfirm.com,   jcohen@mchfirm.com;NJ95@ecfcbis.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          Thaddeus R. Maciag    on behalf of Debtor Hedvig  Hoffman MaciagLaw1@aol.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6